The undersigned have reviewed the prior Opinion and Award based upon the record before Deputy Commissioner Pamela T. Young and the arguments of the parties. The Full Commission has reconsidered the evidence and accordingly modifies the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
In reversing the Opinion and Award, the Full Commission acknowledges plaintiffs argument regarding the constitutionality of G.S. 97-61.6. However, the Commission is bound by current case law and does not have the authority to declare a statute unconstitutional. State Ex Rel. Utilities Comm. V. Carolina Util.Cust., 336 N.C. 657, 446 S.E.2d 332 (1994). Furthermore, the Commission need not reach this issue as the instant case falls under the statutory provisions of G.S. 97-53 and G.S. 97-38 rather than G.S. 97-60 and its accompanying statutes including G.S.97-61.6 which govern compulsory medical examinations in the case of an employee who engages in or is about to engage in a dusty trade which exposes employees to the hazards of asbestos or silicosis as designated by the Industrial Commission upon recommendation by the Department of Health and Human Services.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as Trial Stipulations and incorporated herein by reference as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the Act.
2. An employment relationship existed between the decedent-employee, Louis Davis, and defendant-employer during the dates of March 17, 1980 through May 9, 1980 and from August 11, 1980 through August 26, 1980.
3. On May 20, 1993, the date of death, decedent, Louis Davis, had no whole or partial dependents. He had two adult children, Julie Davis Ward (date of birth September 6, 1964) and William Davis (date of birth March 31, 1967), who are his only known next of kin, and who are the proper parties in this case.
4. Decedents average weekly wage was $708.27, which was based on decedents itemized Social Security Statement of Earnings for the 9.7 weeks of employment with defendant-employer. This average weekly wage yielded the maximum compensation rate of $390.00.
5. The deposition testimony of Charles E. Knox and the deposition testimony of decedent given for his third-party case are a part of the record in this case.
 ***********
The Full Commission modifies the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. Louis Davis, decedent, was an employee of Yeargin Construction Company from March 17, 1980 until May 9, 1980 and from August 11, 1980 until August 26, 1980. During this time, he worked at the Brunswick County nuclear plant where defendant-employer had a general contract.
2. Charles E. Knox, a supervisor at the nuclear plant where plaintiff worked, stated that at the nuclear plant employees cut through asbestos insulated piping with a hacksaw and tore off the insulation. The air was very dusty and no one used masks for protection. Defendant-employers employees worked throughout the plant, including the area where there was asbestos.
3. Prior to his employment with defendant-employer, from 1955 until the early 1980s, decedent worked for various employers, including work at a pier as a party boat runner, in a salinization plant and as a door fitter where he insulated boiler doors. Decedent was exposed to asbestos insulation during this period from 1955 until the early 1980s.
4. Throughout decedents working years including the time he worked for defendant-employer in the nuclear plant where asbestos dust filled the air and no masks were used for protection, he was exposed to asbestos.
5. On August 19, 1987, decedent had a chest x-ray taken at the Cape Fear Memorial Hospital, which confirmed findings consistent with asbestosis.
6. In January of 1990, decedent was diagnosed with pulmonary asbestosis by William F. Credle, Jr., M.D.
7. Although, decedent never underwent an Advisory Medical Committee examination, he was not required to do so since his occupation with defendant-employer was not classified as a dusty trade under G.S. 97-60.
8. Decedent contracted asbestosis, a scheduled occupational disease, as a result of his occupational exposure to asbestos including his employment with defendant-employer.
9. Decedent was unable to earn the same or greater wages in any employment as a result of his occupational disease after August 26, 1980, when he stopped working for defendant-employer. His last injurious exposure to the hazards or risks of asbestosis occurred during the 9.7 weeks that he last worked for defendant-employer during the seven consecutive months prior to his last date of employment on August 26, 1980.
10. Pulmonary asbestosis contributed to decedents death on May 20, 1993.
11. Funeral expenses were incurred as a result of decedents death.
12. Julie Davis Ward and William Davis are decedents next of kin for the purposes of death benefits.
13. Decedents occupational disease ultimately contributed to his death. Even if the decedents death occurred more than 350 weeks after the date of his last exposure to asbestos, the provisions of G.S. 97-61.1 are not applicable in this case because decedent was not engaged in an occupation which has been found by the Commission to expose him to the hazards of asbestosis or silicosis as designated by the Commission upon recommendation the Department of Heath and Human Services otherwise known as a designated dusty trade. Decedents death occurred within six years of his occupational disease. Furthermore, there was never a final determination of disability.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Decedent sustained a listed occupational disease, asbestosis, a fibrotic condition of the lungs characteristic of asbestos exposure as a result of his employment with defendant-employer. G.S. 97-53.
2. Decedents employment with defendant-employer constituted his last injurious exposure to the hazards of asbestosis. G.S. 97-57.
3. As a result of decedents occupational disease prior to his death, he was unable to earn the same or greater wages in any employment beginning August 27, 1980 and continuing until the date of his death on May 20, 1993. Therefore, decedents estate through plaintiff-executrix is entitled to temporary total disability compensation at the rate of $390.00 per week for this period. G.S. 97-29.
4. Decedents occupational disease ultimately contributed to his death. Even if the decedents death occurred more than 350 weeks after the date of his last exposure to asbestos, the provisions of G.S. 97-61.1 are not applicable in this case because decedent was not engaged in an occupation which has been found by the Commission to expose him to the hazards of asbestosis or silicosis as designated by the Commission upon recommendation the Department of Heath and Human Services otherwise known as a designated dusty trade. Decedents death occurred within six years of his occupational disease. Furthermore, there was never a final determination of disability. G.S. 97-38.
5. Decedents next of kin, Julie Davis Ward and William Davis, are entitled to 400 weeks at a rate of $390.00 per week for compensation for death benefits commuted to present value on a share and share alike basis to be paid in one lump sum as a result of decedents death. G.S. 97-40 and 97-38.
5. Decedents next of kin, Julie Davis Ward and William Davis, are entitled to funeral expenses not to exceed $2,000.00. G.S. 97-38.
6. Decedents estate is entitled to have defendants pay for all reasonably necessary medical expenses incurred by decedent as a result of his asbestosis. G.S. 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. As a result of decedents compensable occupational disease and subject to attorneys fees hereinafter allowed, defendants shall pay temporary total disability compensation to plaintiff-executrix in the amount of $390.00 per week beginning August 27, 1980 and continuing until the date of his death on May 20, 1993. These benefits have accrued and shall be paid in a lump sum, subject to an attorneys fee as set forth below.
2. Subject to attorneys fees hereinafter allowed, defendants shall pay compensation to plaintiffs next of kin, Julie Davis Ward and William Davis for 400 weeks at a rate of $390.00 per week for compensation for death benefits commuted to present value on a share and share alike basis to be paid in one lump sum as death benefits.
3. An attorneys fee in the amount of twenty-five percent of the accrued benefits is hereby approved for plaintiffs counsel to be deducted and paid directly to plaintiffs counsel.
4. Defendants shall pay for all reasonably necessary medical expenses related to decedents occupational disease.
5. Defendants shall pay for up to $2,000.00 towards the funeral expenses paid for the interment of the decedent.
6. Defendants shall pay costs due the Commission.
This the ___ day of July 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/______________ RENE C. RIGGSBEE COMMISSIONER
DCS:nwg